IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Scott G. Hattrup, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-4083-DDC |
| ) | |
| United States Internal Revenue Service, ) | |
| Julia Deng a/k/a Julia D. Palmer, and ) | |
| John Doe, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Pursuant to Fed. R. Civ. P. 26, defendant United States Internal Revenue Service ("IRS") has filed a motion to stay discovery (ECF No. 14) pending a ruling on its motion to dismiss the complaint (ECF No. 13). Neither plaintiff nor the other named defendant, Julia Deng, has filed a response to the motion to stay discovery, and the time for doing so under D. Kan. R. 6.1(d) has run. The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decided the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2] The decision whether to stay discovery rests in the sound discretion of the district court.[3] As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending motion to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves the IRS's pending dispositive motion. The IRS asserts the defenses of absolute sovereign immunity in the motion to dismiss. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]  In addition, the court finds that a ruling on the dispositive motion could narrow this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. The IRS's motion to stay is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3. Within 14 days of the ruling on the pending motion to dismiss, the pro se plaintiff and counsel for any party remaining in the case shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers.

Dated February 26, 2018, at Kansas City, Kansas.

    s/James P. O'Hara
    James P. O'Hara

---

[5] *Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[6] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

U.S. Magistrate Judge