IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT GREGORY HATTRUP,**

    Plaintiff,

v.

**INTERNAL REVENUE SERVICE,
JULIA DENG A/K/A JULIA D. PALMER, and
JOHN DOE,**

    Defendants.

Case No. 17-4083-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Scott Gregory Hattrup[1] filed suit against the United States,[2] Julie Deng, and John Doe to obtain money damages, quiet title relief, and an injunction to extend the redemption period arising from the judicial sale of his former property. Doc. 1 at 1. Liberally construing his Complaint against the United States, Mr. Hattrup seeks: (1) money damages under (a) the Fifth and Fourteenth Amendments to the United States Constitution, and (b) 26 U.S.C. § 7433; (2)

---

[1] Plaintiff proceeds pro se, but his Complaint indicates that he was once a licensed attorney in Kansas. The Complaint references plaintiff's Kansas bar number and notes that he is inactive. Doc. 1 at 4 (noting plaintiff's bar number and inactive status in the signature block). Even though plaintiff was a licensed lawyer at one time, because he is registered as inactive and proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers who are admitted to practice in this court. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Landrith v. Gariglietti*, No. 11-2465-KHV/GLR, 2012 WL 171339, at *1 (D. Kan. Jan. 19, 2012) (applying the pro se standard to a disbarred attorney proceeding pro se). But the court does not assume the role of plaintiff's advocate. *Hall*, 935 F.2d at 1110. Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] The Complaint names the Internal Revenue Service ("IRS") as a defendant. Doc. 1. But, the IRS has no capacity to be sued. The proper party defendant is the United States. *Reppert v. IRS*, 418 F. App'x 897, 898 n.1 (11th Cir. 2011); *In re Smith*, 205 B.R. 226, 227 n.1 (B.A.P. 9th Cir. 1997); *Freck v. IRS*, 37 F.3d 986, 988 n.1 (3d Cir. 1994); *Devries v. IRS*, 359 F. Supp. 2d 988, 991–92 (E.D. Cal. 2005). *See also Blackmar v. Guerre*, 342 U.S. 512, 515 (1952).

injunctive relief to exercise a right to redeem the property under 26 U.S.C. § 6337; and (3) quiet title relief under 28 U.S.C. § 2410. *Id.* at 1, 3–4 (Compl. ¶¶ 5, 20–22).

The United States moves to dismiss. Doc. 13 at 1. Its Motion to Dismiss asks the court to dismiss plaintiff's claims (1)(a), (2), and (3) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and to dismiss claim (1)(b) because it fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). *Id.* Each of plaintiff's claims suffers from one of these defects. So, the court dismisses the United States as a party to this lawsuit.

## I.   Factual Background

The following facts are taken in part from plaintiff's Complaint (Doc. 1). Because the current dismissal motion relies on Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), the courts accepts the pleaded facts as true and views them in the light most favorable to plaintiff. *See Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (explaining that, on a motion to dismiss, the court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff" (citation omitted)); *see also Garling v. EPA*, 849 F.3d 1289, 1293 (10th Cir. 2017) (first citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002); then citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

On July 22, 2015, the United States filed a petition with this court seeking approval of judicial levy upon plaintiff's personal residence located at 11925 W. 92nd Terrace, Lenexa, Kansas 66125. *See* Doc. 1 at 2 (Compl. ¶ 6). The court held a hearing on the petition on February 8, 2016. On February 10, 2016, the court granted the United States's petition. *In re Hattrup*, No. 2:15-mc-00219-CM, 2016 LEXIS 184593 (D. Kan. Feb. 10, 2016);[3] *see also* Doc.

---

[3] The court takes judicial notice of this case under Fed. R. Evid. 201. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (holding that it was proper for the district court to consider, on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), exhibits attached to the Complaint, materials referenced in the Complaint, and all materials in the state court's file); *see also Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503–04 (10th Cir. 1997) ("Federal

1 at 2 (Compl. ¶ 7). On June 13, 2017, plaintiff filed a "Motion to Reopen Redemption Period" in the judicial levy matter. *See In re Hattrup*, No. 2:15-mc-00219-CM, 2017 WL 3638212, at *1 (D. Kan. Aug. 3, 2017).[4] The United States opposed plaintiff's motion and on August 3, 2017, the court dismissed it. *Id.* at *1–2.

## II.     Procedural Background

The United States filed its Motion to Dismiss on February 2, 2018. Doc. 13 at 1. Plaintiff failed to file a timely response to that motion, and on April 5, 2018, the court issued a Notice and Order to Show Cause; it directed plaintiff to show cause in writing by April 20, 2018, why the court should not consider and rule on the Motion to Dismiss as uncontested. Doc. 16 at 1–2. On April 20, 2018, plaintiff filed a timely Response to the Order to Show Cause. Doc. 17. Plaintiff's Response explains that his ability to conduct legal research and draft legal documents for this lawsuit was limited by his professional responsibilities consuming "approximately 60 hours per week." *Id.* at 1. Plaintiff further recites that his mother suffered a "cardiac incident" which instigated her extended stay in a hospital and has required plaintiff to "help his elderly parents during this difficult time." *Id.* On April 20, 2018, plaintiff also filed a Response to the Motion to Dismiss. Doc. 18. The United States then filed a Reply. Doc. 19.

"Responses to motions to dismiss . . . must be filed and served within 21 days." D. Kan. Rule 6.1(d)(2). Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. This rule also provides,

---

Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings") (citations omitted).

[4] The court also takes judicial notice of this case under Fed. R. Evid. 201. *See* cases cited *supra* note 3.

"[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b). Here, plaintiff failed to respond to the United States's Motion to Dismiss in a timely manner. *See* Doc. 16. Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Nonetheless, the court will consider plaintiff's Response to the Motion to Dismiss in light of the circumstances plaintiff recites in his Response (Doc. 17) to the Order to Show Cause (Doc. 16). The court now considers the Motion to Dismiss (Doc. 13) and the parties' related filings.

### III.     Legal Standard

#### A. Subject Matter Jurisdiction Under Rule 12(b)(1)

The court must dismiss any case that it lacks subject matter jurisdiction to hear. Fed. R. Civ. P. 12(h)(3). The court must do so because "[a] court lacking jurisdiction cannot render judgment." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). The party who invokes the court's jurisdiction bears the burden to establish that it exists. *Id.* Here, that party is plaintiff.

Generally, a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack questions the sufficiency of the jurisdictional allegations in the complaint. *Id.* "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In contrast, a factual attack goes beyond the complaint's

allegations and challenges "the facts upon which subject matter jurisdiction depends." *Id.* at 1003.

When presented with a factual attack, "a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325). In this context, a district "court has wide discretion to allow affidavits, other documents, and [even conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citations omitted). So, "[i]n a factual attack under Rule 12(b)(1), the court's reference to evidence outside the pleadings does not convert the motion into a motion for summary judgment, unless the jurisdictional question is intertwined with the merits of the case." *Shipley v. IRS*, No. 04-cv-2573-JWL, 2005 WL 1334617, at *1 (D. Kan. June 6, 2005) (first citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); then citing *Holt*, 46 F.3d at 1003; then citing *Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987)); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–25 (10th Cir. 2002).

### B. Failure to State a Claim Under Rule 12(b)(6)

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When assessing whether a plaintiff has stated a plausible claim, the court must assume that the factual allegations in the complaint are true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

**IV.    Analysis**

   **A. Claims Subject to Dismissal for Lack of Subject Matter Jurisdiction**

The United States asks the court to dismiss several of plaintiff's claims because it lacks subject matter jurisdiction. Doc. 13 at 1. The court explains its analysis of this defense on a claim-by-claim basis, below.

   **1. Claim (1)(a):  Claim for Money Damages Under the Fifth and Fourteenth Amendments**

Plaintiff seeks money damages under the Fifth and Fourteenth Amendments to the United States Constitution. Doc. 1 at 1 (Compl. ¶ 5). The United States argues that federal sovereign immunity bars these constitutional claims against the United States. Doc. 13-1 at 3–4.

The doctrine of sovereign immunity prohibits lawsuits against the sovereign unless Congress explicitly has waived this immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Normandy Apartments, Ltd. v. U.S. Dep't of Housing and Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (citing *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006)). "Because general jurisdictional statutes . . . do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Id.* (citing *Lonsdale v. United States*, 919 F.2d 1440, 1443–44 (10th Cir. 1990)).

Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)). Waivers of immunity by the United States or one of its agencies "will not be implied," and any waiver is "strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (citing *United States v. Williams*, 514 U.S. 527, 531 (1995)).

The Fifth and Fourteenth Amendments do not waive the United States's sovereign immunity. *See, e.g.*, *Davis v. California*, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *3 (D. Kan. Oct. 20, 2017) ("[C]onstitutional amendments themselves do not constitute a waiver of sovereign immunity." (internal quotations omitted) (first citing *Merida Delgado v. Gonzales*, 428

7

F.3d 916, 919 (10th Cir. 2005); then citing *Ascot Dinner Theater, Ltd. v. Small Bus. Admin.*, 887 F.2d 1024, 1031 (10th Cir. 1989))). The plaintiff bears the burden to establish that the sovereign has waived its immunity. *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

Here, the United States argues that plaintiff has not established such a waiver. Doc. 13-1 at 4. Plaintiff's Response to the Motion to Dismiss cites several cases to support his claim of a due process right to file suit against the United States. Doc. 18 at 3–6 (first citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983); then citing *In re Pontes*, 310 F. Supp. 2d 447 (2004)). But, as the United States correctly notes, *Mennonite* "concerns a suit involving only private litigants, not the United States of America" and it "did not address any lack of notice of a right to redeem property and was decided under Indiana law, neither instance of which is applicable to this matter." Doc. 19 at 6 (citing *Mennonite*, 462 U.S. at 798). Also, as the United States explains, the situation in *In re Pontes* differs from the facts alleged here. "[T]he [*Pontes*] case involved a private litigant who sued the collector of a state entity, and does not stand for (or even discuss) any proposition that the United States has agreed to a waiver of sovereign immunity under some sort of due process right." *Id.* (citing *In re Pontes*, 280 B.R. 20 (D.R.I. Bankr. 2002)).

Sovereign immunity is a jurisdictional issue. *Normandy*, 554 F.3d at 1295. A federal court lacks subject matter jurisdiction to hear a lawsuit against the sovereign if it is immune from such a suit. *Id.* Plaintiff here has not demonstrated that the United States waived its sovereign immunity. The court thus dismisses plaintiff's constitutional claims for money damages against the United States under Fed. R. Civ. P. 12(b)(1) because it lacks subject matter jurisdiction to consider them.[5]

---

[5] The Complaint also names John Doe, an "unknown-named employee or agent of the IRS who is or was responsible for sending notice of completed sale." Doc. 1 at 1 (Compl. ¶ 4). Claims against government officials in their

8

### 2. Claim (2):  Claim for Injunctive Relief to Extend the Redemption Period Under 26 U.S.C. § 6337

Plaintiff also seeks injunctive relief under 26 U.S.C. § 6337.  Doc. 1 at 3 (Compl. ¶ 20).  This statute governs the redemption of property that the government has levied upon to collect unpaid taxes.  It is well established that "the broad equitable powers of the federal courts do not include the power to extend time for redemption under the internal revenue laws."  *Anselmo v. James*, 449 F. Supp. 922, 926 (D. Mass. 1978); *see also Virdi Props., Inc. v. United States*, No. 94-2060-CIV-DAVIS, 1995 WL 382694, at *2 (S.D. Fla. Feb. 27, 1995) ("Vicknair's claim of reliance on the June 9, 1994 letter from the Internal Revenue Service is not persuasive since this Court is without power to extend the statutory redemption period under the statute governing redemption of real estate following a sale, even for powerful equitable considerations."); *Howard v. Adle*, 538 F. Supp. 504, 508 (E.D. Mich. 1982) ("This Court simply lacks the power to extend the statutory period, even for powerful considerations."); *Ballard v. United States*, 20 A.F.T.R.2d 5476 (D. Col. 1967) ("The Court does not have the power to extend the time period for redemption under Section 6337(b)(1) of the Internal Revenue Code.").  And plaintiff does not plead any other statute entitling him to such relief.  Plaintiff thus cannot assert a claim for injunctive relief because no federal statute confers jurisdiction on this court to entertain such a claim.[6]

---

official capacity are claims against the United States.  *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States").  The Complaint appears to allege that John Doe's "responsibility" was a professional responsibility.  So, the Complaint alleges that John Doe's conduct was in the course of his or her official capacity as an agent of the United States.  Doc. 1 at 1 (Compl. ¶ 4).  Thus, to the extent that plaintiff asserts an official capacity claim against John Doe, the United States, not John Doe, is the proper party.  And, for the same reasons discussed above, it appears the court lacks jurisdiction over any official capacity claim against John Doe.

[6] The United States also briefly raises the Anti-Injunction Act, 26 U.S.C. § 7421, in support of the Motion to Dismiss.  Doc 13-1 at 9.  Specifically, the government cites § 7421 as another theory potentially barring a lawsuit against the United States.  *Id.*  This statutory prohibition is applied to suits with "the purpose of restraining the assessment or collection of any tax."  *Id.* (quoting *Jericho Painting & Special Coating, Inc. v. Richardson*, 838 F.

### 3. Claim (3): Claim for Quiet Title Relief Under 28 U.S.C. § 2410

Plaintiff alleges jurisdiction of this matter under 28 U.S.C. § 2410 because the United States "can be named a defendant to quiet title in property which it has claimed a lien." Doc. 1 (Compl. ¶ 5). But "[s]ection 2410(a) expressly authorizes quiet title actions affecting property on which the United States has a lien *only* '[u]nder the conditions prescribed in this section.'" *Dahn v. United States*, 127 F.3d 1249, 1251 (10th Cir. 1997). The conditions include:

> The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.

28 U.S.C. § 2410(b).

"The statutory provisions of Section 2410 are interpreted strictly, and if the complaint fails to fall within the unequivocally expressed waiver of sovereign immunity found within Section 2410, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007); *see also Dahn*, 127 F.3d at 1251. In plaintiff's case, the Internal Revenue Service filed a notice of the tax lien on the property. Doc. 1 at 2 (Compl. ¶ 6). The Complaint fails to identify the internal revenue office that filed this notice, and he never provided the date and place of any such notice. *See id.* ("Defendant IRS filed a tax lien and notices thereof against Plaintiff's residence at various dates from 2005-2012."). The Complaint does not meet the requirements of § 2410 so it cannot qualify as a statutory waiver of sovereign immunity. The court thus dismisses plaintiff's § 2410 claim against the United States for lack of subject matter jurisdiction.

---

Supp. 626, 629 (D.D.C. 1993)). The court agrees with the premise of the government's argument. To the extent that plaintiff's claims are construed as an attempt to restrain the assessment or collection of a tax, the Anti-Injunction Act bars them.

Plaintiff's claim (3) under § 2410 suffers additional defects.  To maintain a quiet title suit against the United States, a taxpayer must show that the government claimed an interest in the property when the complaint was filed.  *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992) ("[W]hile a taxpayer may contest the procedural validity of a tax lien under § 2410, he may do so only if, at the time the action is commenced, the government still claims a lien or a mortgage on the property.").  Plaintiff filed his Complaint on September 14, 2017.  Doc. 1 at 1.  Plaintiff pleads that in May 2017, the federal government transferred title of the property to Julia Deng by quitclaim deed.  Doc. 1 at 3 (Compl. ¶ 17).  Under Kansas law, the "purchaser at a judicial sale receives what is generally regarded as a quitclaim deed, and takes all the right, title, and interest of the parties to the proceedings in and to the property conveyed to him."  *First Nat'l Bank & Tr. Co. Larned v. Wetzel*, 219 P.3d 819, 824 (Kan. Ct. App. 2009) (citations and internal quotation marks omitted).  The federal government thus transferred its lien interest in the property to Ms. Deng in May 2017.  Consequently, the United States held no interest in the property when Mr. Hattrup filed the Complaint months later in September 2017.

Plaintiff argues that the United States's "position that once property has been transferred [the United States] no longer has a lien, and therefore review of the procedures used to transfer the property is no longer permitted is not supported by case law."  Doc. 18 at 2 (first citing *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992); then citing *Reece v. Scoggins*, 506 F.2d 967 (5th Cir. 1975)).  But, these cases do not stand for the proposition that plaintiff attributes to them.  Neither case holds that a plaintiff may bring a suit against the United States to quiet title under § 2410 after the government ceases to possess an interest in the property.  *See Guthrie*, 970 F.2d at 735 (holding that § 2410 waives sovereign immunity for claims of certain procedural violations, but not discussing the government transfer of property to a third party or its effects);

11

*see also Scoggins*, 506 F.2d at 971 (holding that the government must strictly comply with statutory notice requirements related to sale of property, but not discussing § 2410). The United States directs the court's attention to case law that establishes the requirement of a federal interest in the property at the time the complaint is filed. *See* Doc. 19 at 3–4 (citing *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998) ("[E]ach of the courts that have addressed [this issue] has uniformly concluded that a taxpayer may maintain an action under § 2410(a) only if, at the time the [§ 2410(a)] action is commenced, the government still claims a lien or a mortgage on the property." (citation and internal quotation marks omitted))). Given that the United States claimed no interest in the property when plaintiff filed suit, plaintiff cannot name the United States as a defendant in this lawsuit under 28 U.S.C. § 2410.

### B.  Claims Subject to Dismissal for Failure to State a Claim

Last, invoking Rule 12(b)(6), the United States argues that the court should dismiss plaintiff's claim (1)(b)—a claim for money damages under 26 U.S.C. § 7433—because it fails to state a claim. This claim suffers two pleading defects. First, the claim itself is not the kind authorized by 26 U.S.C. § 7433. This statute provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, *disregards any provision of this title, or any regulation promulgated under this title*, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433 (emphasis added).

The Complaint does not plead that the Internal Revenue Service disregarded any statutory provision or regulation. Plaintiff instead alleges that "Defendant IRS has no statutory procedure for notifying a taxpayer of the results of a sale and the right to redeem." Doc. 1 at 2 (Compl. ¶

14). Plaintiff further claims that he possesses "a due process right to the information required to redeem a residence." *Id.* at 3 (Compl. ¶ 15). Such allegations do not assert that the Internal Revenue Service disregarded a provision within title 26 or any related regulation. Plaintiff thus fails to state a claim under 26 U.S.C. § 7433. In short, because plaintiff alleges no facts capable of bringing his claim within the statute, the court grants the United States's Motion to Dismiss claim (1)(b) under Fed. R. Civ. P. 12(b)(6).

## V.     Conclusion

The court construes plaintiff's Complaint as one raising several claims. The United States's Motion to Dismiss seeks to dismiss these claims for lack of subject matter jurisdiction or failing to state a claim upon which relief can be granted. The motion is fatal to each claim. Claim (1)(a) for money damages under the Fifth and Fourteenth Amendments, claim (2) for injunctive relief, and claim (3) for quiet title relief under 28 U.S.C. § 2410 all fail because the court lacks subject matter jurisdiction.

Sovereign immunity shields the United States from claim (1)(a). Plaintiff has not established that the United States waived its immunity against such claims. Although the United States has waived sovereign immunity for claims under 28 U.S.C. § 2410, the waiver is subject to certain conditions. In alleging claim (3), plaintiff has failed to show that such required conditions were met. "[A] complaint that fails to comply with the mandatory pleading requirements to bring a quiet title suit under Section 2410 'does not invoke the statutory waiver of sovereign immunity.'" *Dahn*, 127 F.3d at 1251. Furthermore, the court lacks the power to grant plaintiff's claim (2) for injunctive relief under 26 U.S.C. § 6337. The court thus grants the United States's Motion to Dismiss these claims for lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Plaintiff's claim (1)(b) for money damages under 26 U.S.C. § 7433 fails to state a claim upon which relief may be granted. The court thus grants the United States's Motion to Dismiss this claim under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED THAT** the United States's Motion to Dismiss (Doc. 13) is granted. All claims against the United States are dismissed.

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2018, at Topeka, Kansas.**

                                       **s/ Daniel D. Crabtree**
                                       **Daniel D. Crabtree**
                                       **United States District Judge**